# EXHIBIT A

Eugene S. Thompson, State Bar No. 144779
THOMPSON LAW, APC
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
(619) 528-2303/ FAX: 858-717-8001

Attorney for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/17/2021 at 02:08:43 PM
Clerk of the Superior Court
By Vanessa Sezenol, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| STEVE MABE,<br><br>Plaintiff,<br><br>ABM INDUSTRY GROUPS, LLC., a California business entity and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO. 37-2021-00052763-CU-WT-CTL<br><br>COMPLAINT FOR DAMAGES<br><br>1. Disability Discrimination-Wrongful Termination<br>2. Discriminatory Failure to Engage in Good Faith Interactive Process<br>3. Discriminatory Failure to Accommodate<br>4. Failure To Take Steps Reasonably Necessary To Prevent Harassment and Discrimination<br>5. Interference In Violation of FMLA<br>6. Retaliation In Violation of FMLA<br>7. Interference In Violation of CFRA<br>8. Retaliation In Violation of CFRA<br>9. Violation of Public Policy<br>10. Age Discrimination |

Plaintiff STEVE MABE alleges:

### GENERAL ALLEGATIONS

1. Plaintiff STEVE MABE ("MABE"), is an individual and is now, and at all times mentioned in this Complaint was, a resident of Riverside County, State of California and an employee of Defendant ABM INDUSTRY GROUPS, LLC. ("ABM").

2. Defendant ABM INDUSTRY GROUPS, LLC. ("ABM"). is a California business entity organized and existing under the laws of the State of California and permitted and qualified to do

business in the State of California, County of San Diego. ABM is an entity subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq., in that ABM is an employer who regularly employs five or more persons.

3. Each and every act and event complained of herein took place in the County of San Diego, State of California.

4. MABE is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure Section 474. MABE is informed and believes and thereon alleges that each of the fictitiously named Defendants is maliciously, intentionally, willfully and/or negligently responsible in some manner for the occurrences herein alleged and that their acts and omissions proximately caused the herein described injuries and damages to MABE and MABE prays leave to amend this Complaint to set forth such true names and capacities when the same have been ascertained.

5. MABE is informed and believes and thereon alleges that Defendants, and each of them, were the agents, servants, employees and joint venturers of each of the other Defendants, and was at all times acting within course and scope of said agency, employment and joint venture and each Defendant has knowingly accepted and ratified the acts and omissions of each of the other Defendants.

6. On or about April 2, 2021, management for ABM was informed that MABE was to be placed off work due to a medical condition that affected his ability to work. From April 2021 to his termination by ABM, MABE's superiors were informed by MABE's health care providers that he had a medical condition which constituted a physical disability under the Fair Employment and Housing Act. As a result of that medical condition, MABE required medical leaves of absence under the California Family Rights Act ("CFRA") and the Family Medical Leave Act ("FMLA")

7. MABE was terminated by ABM on June 17, 2021.

## FIRST CAUSE OF ACTION

**(Disability Discrimination Against ABM)**

8. MABE refers to and incorporates by reference paragraphs 1 through 7 of the General

Allegations as though fully set forth herein.

9. MABE developed a medical condition in April 2021. As a result of his medical condition, MABE was deemed by ABM and MABE's health care providers to be incapacitated because he was unable to perform one or more job functions. MABE was precluded from returning to full unrestricted duty due to his medical condition thereby making him physically disabled under the California Government Code.

10. ABM was aware of MABE's disability/medical condition as set forth in Paragraph 9 above, based on his absences from the workplace for extended periods of time and communications from MABE's health care providers regarding his medical condition.

11. At all times relevant herein, MABE conducted himself in accordance with the policies and procedures of his employer and performed her employment duties and responsibilities in a proper and satisfactory manner. Despite all of the foregoing, MABE was terminated by ABM on June 17, 2021.

12. ABM and its management discriminated against MABE by engaging in a course of conduct which included subjecting MABE to disparate treatment and retaliation in employment due to MABE's disability/medical condition. MABE is informed and believes and thereon alleges that his disparate treatment, retaliation and his subsequent termination from ABM were in fact a pretext for discriminating against MABE on the basis of his disability/medical condition.

13. MABE has filed a complaint with the Department of Fair Employment and Housing pursuant to Section 12960 of the California Government Code alleging acts previously described herein establishing a violation of the Fair Employment and Housing Act, Government Code Sections 12900 to 12996. On or about November 26, 2021, the Department determined not to issue a complaint against ABM and issued a right to sue letter to MABE.

14. MABE is informed and believes and thereon alleges that his disability/medical condition was a substantial factor, if not the sole factor, in ABM's discriminatory treatment of MABE in violation of Government Code Section 12940 et seq.

15. As a proximate result of ABM's actions, as alleged above, MABE has been harmed in that MABE has suffered, and will suffer loss of wages, salary, benefits and certain other incidental

- 3 -

and consequential economic expenses and losses which MABE would have received if MABE had not been terminated from his position with ABM. As a result of such discrimination and consequent harm, MABE has suffered such damages in an amount according to proof at trial.

16. As a further and proximate result of ABM's unlawful conduct by and through its management, MABE has become mentally upset, distressed and aggravated. MABE claims general damages for such mental distress in an amount to be proven at trial.

17. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling MABE to an award of punitive damages in that ABM willfully and consciously disregarded MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-protected leave under CFRA and FMLA.

18. MABE has incurred reasonable attorneys' fees and costs in prosecuting this matter in an amount to be established at trial.

## SECOND CAUSE OF ACTION

**(Discriminatory Failure to Engage in the Good Faith Interactive Process Against ABM)**

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of the General Allegations and paragraphs 9 through 18 of the First Cause of Action as though fully set forth herein.

20. In early April 2021, ABM was notified that MABE sustained an injury that resulted in him being temporarily incapacitated. As a result of his medical condition, ABM was notified that MABE was temporarily precluded from returning to full unrestricted duty due to temporary work restrictions thereby rendering him physically disabled under the California Government Code.

21. Under Government Code Section 12940(n), it is an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request or reasonable accommodation by an employee with a known physical disability. ABM, despite its knowledge of MABE's disability/medical condition, failed to engage in an interactive process with MABE in terms of accommodating his physical disability. Instead, ABM used his physical disability as a basis to terminate him on June 17, 2021.

22. As a proximate result of ABM's actions, MABE has been harmed in that MABE has suffered and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic damages and losses which MABE would have received had MABE not been discriminated against in the workplace. As a result of such discrimination and consequent harm, MABE has suffered such damages in an amount according to proof at trial.

23. As a direct and proximate result of ABM's actions, by and through its management, MABE has become mentally upset, distressed and aggravated and has received mental injury all to his damages in a sum according to proof at trial.

24. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling MABE to an award of punitive damages in that ABM willfully and consciously disregarded MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-protected leave under CFRA and FMLA.

## THIRD CAUSE OF ACTION

**(Discriminatory Failure to Accommodate Against ABM)**

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of the General Allegations, paragraphs 9 through 18 of the First Cause of Action and paragraphs 20 through 24 of the Second Cause of Action as though fully set forth herein.

26. In early April 2021, ABM was notified that MABE had a medical condition that resulted in his being temporarily incapacitated. As a result of his medical condition, ABM was notified that MABE was temporarily precluded from returning to full unrestricted duty due to his medical condition thereby rendering him physically disabled under the California Government Code. MABE sought reasonable accommodations from ABM including but not limited to, leaves of absences due to his medical condition.

27. Under Government Code Section 12940(m), it is an unlawful employment practice for an employer to make a reasonable accommodation by an employee with a known physical disability. ABM, despite its knowledge of MABE's medical condition, failed to reasonably accommodate MABE in terms of his physical disability. Instead, ABM used his disability as a basis to terminate him on June 17, 2021.

28. As a proximate result of ABM's actions, MABE has been harmed in that MABE has suffered and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic damages and losses which MABE would have received had MABE not been discriminated against in the workplace. As a result of such discrimination and consequent harm, MABE has suffered such damages in an amount according to proof at trial.

29. As a direct and proximate result of ABM's actions, by and through its management, MABE has become mentally upset, distressed and aggravated and has received mental injury all to his damages in a sum according to proof at trial.

30. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling MABE to an award of punitive damages in that ABM willfully and consciously disregarded MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-protected leave under CFRA and FMLA.

## FOURTH CAUSE OF ACTION

**(Failure To Take Steps Reasonably Necessary to Prevent Harassment and Discrimination Against ABM)**

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of the General Allegations, paragraphs 9 through 18 of the First Cause of Action, paragraphs 20 through 24 of the Second Cause of Action and paragraphs 26 through 30 of the Third Cause of Action as though fully set forth herein.

32. At all times herein mentioned, California Government Code Sections 12940 et seq. of the Fair Employment and Housing Act ("FEHA") and Title VII of the 1964 Civil Rights Act and the corresponding regulations of the California Department of Fair Employment and Housing were in full force and effect and were binding on ABM. These sections, inter alia, require ABM, as an employer, to refrain from harassing or retaliating against any employee on the basis of, among other things, his physical or mental disability or perceived physical or mental disability including the prohibition against harassment in the workplace based on any of these characteristics.

33. MABE is informed and believes and thereon alleges that ABM failed to take all steps reasonably necessary to prevent discrimination and harassment from occurring in violation of the

1  applicable provisions of Government Code Sections 12940 et seq.

2  34. Such failure to act constitutes a violation of FEHA because MABE was discriminated against as alleged above.

35. As a proximate result of ABM's actions, as alleged above, MABE has been harmed in that MABE has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which MABE would have received if MABE had not been terminated from her position with ABM. As a result of such discrimination and consequent harm, MABE has suffered such damages in an amount unascertainable at this time. MABE will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

36. As a further and proximate result of ABM's unlawful conduct by and through its management, MABE has become mentally upset, distressed and aggravated. MABE claims general damages for such mental distress in an amount according to proof at trial.

37. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling MABE to an award of punitive damages in that ABM willfully and consciously disregarded MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-protected leave under CFRA and FMLA.

## FIFTH CAUSE OF ACTION

**(Interference in Violation of FMLA Against Defendant)**

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of the General Allegations, paragraphs 9 through 18 of the First Cause of Action, paragraphs 20 through 24 of the Second Cause of Action, paragraphs 26 through 30 of the Third Cause of Action and paragraphs 32 through 37 of the Fourth Cause of Action as though fully set forth herein.

39. FMLA provides in pertinent part that it is an unlawful practice for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise any right provided by the FMLA.

40. ABM is an employer covered by the FMLA.

41. MABE suffered from a serious health condition.

1   42. MABE was eligible for medical leave under the FMLA.

2   43. MABE notified ABM of his serious health condition and his need for medical leave.

3   44. ABM interfered with MABE's FMLA rights by refusing to allow him to return to work at the end of his medical leave.

5   45. As a proximate result of ABM's actions, as alleged above, MABE has been harmed in that MABE has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which MABE would have received if MABE had not been terminated from her position with ABM. As a result of such discrimination and consequent harm, MABE has suffered such damages in an amount unascertainable at this time. MABE will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

12  46. As a further and proximate result of ABM's unlawful conduct by and through its management, MABE has become mentally upset, distressed and aggravated. MABE claims general damages for such mental distress in an amount according to proof at trial.

15  47. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling MABE to an award of punitive damages in that ABM willfully and consciously disregarded MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-protected leave under CFRA and FMLA.

### SIXTH CAUSE OF ACTION
**(Retaliation in Violation of FMLA Against ABM)**

21  48. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of the General Allegations, paragraphs 9 through 18 of the First Cause of Action, paragraphs 20 through 24 of the Second Cause of Action, paragraphs 26 through 30 of the Third Cause of Action, paragraphs 32 through 37 of the Fourth Cause of Action and paragraphs 39 through 47 of the Fifth Cause of Action as though fully set forth herein.

26  49. MABE was eligible for medical leave under the FMLA.

27  50. MABE requested and took medical leave.

28  51. ABM discriminated against and terminated MABE for taking FMLA leave.

52. MABE's request to take medical leave and his taking of medical leave was a negative factor in ABM's decision to terminate and/or discriminate against MABE.

53. As a proximate result of ABM's actions, as alleged above, MABE has been harmed in that MABE has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which MABE would have received if MABE had not been terminated from his position with ABM. As a result of such discrimination and consequent harm, MABE has suffered such damages in an amount unascertainable at this time. MABE will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

54. As a further and proximate result of ABM's unlawful conduct by and through its management, MABE has become mentally upset, distressed and aggravated. MABE claims general damages for such mental distress in an amount according to proof at trial.

55. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling MABE to an award of punitive damages in that ABM willfully and consciously disregarded MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-protected leave under CFRA and FMLA.

## SEVENTH CAUSE OF ACTION

**(Interference in Violation of CFRA Against ABM)**

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of the General Allegations, paragraphs 9 through 18 of the First Cause of Action, paragraphs 20 through 24 of the Second Cause of Action, paragraphs 26 through 30 of the Third Cause of Action, paragraphs 32 through 37 of the Fourth Cause of Action, paragraphs 39 through 47 of the Fifth Cause of Action and paragraphs 49 through 55 of the Sixth Cause of Action as though fully set forth herein.

57. CFRA provides in pertinent part that it is an unlawful practice for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise any right provided by the cfra.

58. ABM is an employer covered by the CFRA.

59. MABE suffered from a serious health condition.

60. MABE was eligible for medical leave under the CFRA.

61. MABE notified ABM of his serious health condition and his need for medical leave.

62. ABM interfered with MABE's CFRA rights by terminating him.

63. As a proximate result of ABM's actions, as alleged above, MABE has been harmed in that MABE has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which MABE would have received if MABE had not been terminated from his position with ABM. As a result of such discrimination and consequent harm, MABE has suffered such damages in an amount unascertainable at this time. MABE will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

64. As a further and proximate result of ABM's unlawful conduct by and through its management, MABE has become mentally upset, distressed and aggravated. MABE claims general damages for such mental distress in an amount according to proof at trial.

65. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling MABE to an award of punitive damages in that ABM willfully and consciously disregarded MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-protected leave under CFRA and FMLA.

## EIGHTH CAUSE OF ACTION

**(Retaliation in Violation of CFRA Against ABM)**

66. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of the General Allegations, paragraphs 9 through 18 of the First Cause of Action, paragraphs 20 through 24 of the Second Cause of Action, paragraphs 26 through 30 of the Third Cause of Action, paragraphs 32 through 37 of the Fourth Cause of Action, paragraphs 39 through 47 of the Fifth Cause of Action, paragraphs 49 through 55 of the Sixth Cause of Action and paragraphs 57 through 65 of the Seventh Cause of Action as though fully set forth herein.

67. MABE was eligible for medical leave under the CFRA.

68. MABE requested and took medical leave.

69. ABM discriminated against and terminated CLAY for exercising his CFRA rights.

1    70. MABE's request to take medical leave and his taking of medical leave was a negative
2    factor in ABM's decision to terminate and/or discriminate against MABE.
3    71. As a proximate result of ABM's actions, as alleged above, MABE has been harmed in
4    that MABE has suffered, and will suffer loss of wages, salary, benefits and certain other incidental
5    and consequential economic expenses and losses which MABE would have received if MABE had
6    not been terminated from his position with ABM. As a result of such discrimination and
7    consequent harm, MABE has suffered such damages in an amount unascertainable at this time.
8    MABE will seek leave of this court to amend this Complaint once the amount of damages is
9    ascertained.
10   72. As a further and proximate result of ABM's unlawful conduct by and through its
11   management, MABE has become mentally upset, distressed and aggravated. MABE claims
12   general damages for such mental distress in an amount according to proof at trial.
13   73. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling
14   MABE to an award of punitive damages in that ABM willfully and consciously disregarded
15   MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-
16   protected leave under CFRA and FMLA.

## NINTH CAUSE OF ACTION

**(Violation of Public Policy Against ABM)**

74. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of the General Allegations, paragraphs 9 through 18 of the First Cause of Action, paragraphs 20 through 24 of the Second Cause of Action, paragraphs 26 through 30 of the Third Cause of Action, paragraphs 32 through 37 of the Fourth Cause of Action, paragraphs 39 through 47 of the Fifth Cause of Action, paragraphs 49 through 55 of the Sixth Cause of Action, paragraphs 57 through 65 of the Seventh Cause of Action and paragraphs 67 through 73 of the Eighth Cause of Action as though fully set forth herein.

75. MABE is informed and believes and thereon alleges that the discrimination against injured workers perpetrated by ABM violated the public policy of the State of California.

76. As a proximate result of ABM's actions, as alleged above, MABE has been

- 11 -

harmed in that MABE has suffered, and will suffer loss of wages, salary, benefits and certain other incidental and consequential economic expenses and losses which MABE would have received if MABE had not been terminated from her position with ABM. As a result of such discrimination and consequent harm, MABE has suffered such damages in an amount unascertainable at this time. MABE will seek leave of this court to amend this Complaint once the amount of damages is ascertained.

77. As a further and proximate result of ABM's unlawful conduct by and through its management, MABE has become mentally upset, distressed and aggravated. MABE claims general damages for such mental distress in an amount according to proof at trial.

78. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling MABE to an award of punitive damages in that ABM willfully and consciously disregarded MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-protected leave under CFRA and FMLA.

## TENTH CAUSE OF ACTION

**(Age Discrimination Against ABM)**

79. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 of the General Allegations, paragraphs 9 through 18 of the First Cause of Action, paragraphs 20 through 24 of the Second Cause of Action, paragraphs 26 through 30 of the Third Cause of Action, paragraphs 32 through 37 of the Fourth Cause of Action, paragraphs 39 through 47 of the Fifth Cause of Action, paragraphs 49 through 55 of the Sixth Cause of Action, paragraphs 57 through 65 of the Seventh Cause of Action, paragraphs 67 through 73 of the Eighth Cause of Action and paragraphs 75 through 78 of the Ninth Cause of Action as though fully set forth herein.

80. At all times relevant herein, MABE conducted himself in accordance with the policies and procedures of ABM and performed his employment duties and responsibilities at ABM in a proper and satisfactory manner. During his employment tenure at ABM, MABE never once received an oral or written reprimand for any workplace behavior. Despite all of the foregoing, MABE was terminated by ABM on June 17, 2021.

81. ABM discriminated against MABE by engaging in a course of conduct which included subjecting MABE to disparate treatment in the workplace based upon MABE's age which is over forty (40). MABE is informed and believes and thereon alleges that his termination was, in fact, a pretext for discriminating against MABE on the basis of his age.

82. MABE is informed and believes and thereon alleges that his age was a substantial factor, if not the sole factor, in ABM's discriminatory treatment of MABE in violation of Government Code Section 12940 et seq.

83. As a proximate result of said unlawful employment practices, MABE suffered damages incurred due to the loss of income and wages in an amount according to proof at trial.

84. As a further and proximate result of ABM's unlawful conduct, MABE has become mentally upset, distressed and aggravated. MABE claims general damages for such mental distress in an amount to be proven at trial.

85. The above-alleged misconduct constitutes oppression, fraud or malice thereby entitling MABE to an award of punitive damages in that ABM willfully and consciously disregarded MABE's right to be free from discrimination under FEHA and his right to unpaid or paid job-protected leave under CFRA and FMLA.

86. MABE has incurred reasonable attorneys' fees and costs in prosecuting this matter in an amount to be established at trial.

WHEREFORE, MABE demands judgment from ABM for:

1. |For general damages according to proof at trial;

2. For pre-judgment and post-judgment interest on said sum of damages;

3. For special damages for financial loss according to proof at trial;

4. For punitive damages as allowed by law;

5. For all applicable statutory penalties;

6. A declaratory judgment that ABM discriminated against and retaliated against MABE in violation of CFRA and FEHA;

7. For an order awarding MABE liquidated damages pursuant to 29 U.S.C. Section 2617(a)(1)(A)(iii);

1  8. Costs of suit herein;

2  9. For reasonable attorney fees according to proof at trial under the Government Code

3  Section 12965 and California Code of Civil Procedure Section 1021.5; and

4  10. Such other and further relief as this court may deem just and proper.

6  DATED: December 16, 2021          THOMPSON LAW, APC

8                                    /s/Eugene S. Thompson

                                     _____
                                     EUGENE S. THOMPSON, ESQ.
                                     Attorneys for Plaintiff
                                     STEVE MABE